UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| SHANNON SMITHERS, KEITH DAIGLE, | § | |
| JONATHAN FARIS, JONATHAN | § | |
| WATSON, CHRIS WELLS, BRAD | § | |
| WILLARD, MIGUEL HERNANDEZ, and | § | |
| JOHN FRANKLIN | § | |
| | § | C.A. NO. 7:14-cv-00059 |
| V. | § | |
| | § | |
| SWIRE OILFIELD SERVICES, LLC | § | JURY TRIAL REQUESTED |

## ANSWER

Defendant Swire Oilfield Services, LLC ("Swire") files this Answer to the Original Complaint filed by Plaintiff Douglas Bergman, Rec. Doc. 5.

1.

Denied in that the Federal Rules of Civil Procedure will govern discovery of this case.

2.

Denied.

3.

Denied.

4.

It is admitted that the Court has jurisdiction of this action under 28 U.S.C. § 1331.

5.

It is admitted that this case could have been brought under the original jurisdiction of the State District Court of Texas, but denied to the extent that the case may be "maintained in State

1

court" without removal to this Federal Court. It is admitted that Defendant is subject to personal jurisdiction in Texas.

6.

It is admitted that venue was originally proper in Midland County for the same reasons that it is proper in the Midland–Odessa Division of the United States District Court for the Western District of Texas.

7.

This allegation does not require an answer given that the Texas Rules of Civil Procedure no longer apply to this case. To the extent that an answer is required, the allegation is denied.

8.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

9.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

10.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to

their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

11.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

12.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

13.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

14.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

15.

It is admitted that the Plaintiff was employed by Defendant. The allegations regarding Plaintiff's personal information are denied for lack of information sufficient to justify belief as to their truth. The remaining allegations with reference to Section 207 and Section 203(s)(1) of the FLSA are denied as written.

16.

Denied.

17.

It is admitted that Defendant Swire Oilfield Services, LLC ("Swire") is a limited liability company formed under Louisiana law. However, Swire's principal place of business is at its headquarters in Texas, which is located at 28420 Hardy Toll Road, Suite 100, Spring, Texas 77373. Mr. Chris Wasson, Swire's registered agent for service of process, may be served at this address. To the extent necessary, the remaining allegations are denied.

18.

Admitted.

19.

It is admitted that Plaintiffs are or were employed by Defendant as Water Transfer Technicians.

20.

Denied.

21.

Denied as written.

22.

Admitted.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Defendant incorporates its answers to paragraphs 1 through 27 as if fully set forth herein.

28.

It is admitted that Swire is subject to the requirements of the Fair Labor Standards Act ("FLSA"). The remaining allegations in paragraph 28 are otherwise denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

The remaining allegations constitute a request for disclosure under the Texas Rules of Civil Procedure, a jury demand, and prayer for relief, thus no answer is required, except that Swire denies that Plaintiffs are entitled to any of the relief sought.

NOW PLEADING FURTHER, Swire pleads the following affirmative defenses:

a) Plaintiffs' allegations fail to state a claim upon which relief may be granted.

b) Under 29 U.S.C. § 213 and its related administrative regulations, Plaintiffs are exempt from the minimum wage and maximum hour requirements of the FLSA.

c) Plaintiffs' claims are barred to the extent that Plaintiffs did not work more than forty (40) hours in any given week.

d) Plaintiff's claims for any of their activities which are not compensable are barred by 29 U.S.C. § 254(a)(1).

e) Under 29 U.S.C. § 255(a), to the extent that the Court may find that Swire violated the FLSA, which violation of the FLSA is specifically denied, Swire did not at any time willfully violate the FLSA.

f) Under 29 U.S.C. §§ 258-259, Swire's alleged acts and/or omissions were at all times in good faith and in conformity with and reliance on administrative regulations, orders, rulings, approval, and/or interpretations of any agency of the United States and/or administrative practices and/or enforcement policies of such agencies.

g) Plaintiffs' claims for liquidated damages are barred under 29 U.S.C. § 260, because all alleged acts and/or omissions were made in good faith and with reasonable grounds for Swire's belief that its acts and/or omissions were not in violation of the FLSA.

h) Plaintiffs' claims are barred, in whole or in part, because Swire's conduct at all times was in good faith, was justified, and lacked any wrongful intent.

i) Plaintiffs at all times consented to the terms and conditions of their employment.

j) Plaintiffs waived the right, if any, to pursue the claims asserted by reason of their own actions, inactions, and course of conduct, including but not limited to their failure to utilize Swire's internal policies and procedures for complaining about the alleged acts and/or omissions complained of in this action.

k) Plaintiffs' claims are barred in whole or in part by all applicable statutes of limitations.

l) Plaintiffs' claims are barred or otherwise limited because Plaintiffs failed to mitigate or avoid the alleged damages.

m) Swire affirmatively avers that Plaintiffs are not entitled to any legal, equitable, declaratory, or monetary relief, including but not limited to, compensatory damages, punitive damages, attorneys' fees or any other relief from Swire.

n) To the extent the Court finds that Swire is liable under the FLSA, which liability is specifically denied, Swire is entitled to set off certain payments to Plaintiffs and/or benefits to Plaintiffs.

o) Some or all of Plaintiffs' claims for damages are barred because the time for which compensation is sought is *de minimis*, and therefore not compensable.

p) Any alleged damages suffered by Plaintiffs are due, in part or in whole, to the acts of third parties.

q) Swire specifically denies that Plaintiffs are able to present evidence sufficient to support a claim under any applicable law and specifically puts Plaintiffs to their proof as to each and every element necessary to support his claims.

WHEREFORE, Swire prays that its answer be good and sufficient and after due proceedings had there be judgment in its favor, dismissing Plaintiffs' claims with prejudice. Swire further prays for any other relief to which it may be entitled.

Respectfully submitted,

**HALL MAINES LUGRIN, P.C.**

**HALL MAINES LUGRIN, P.C.**

Jeffrey T. Bentch
Texas Bar No. 24055160
jbentch@hallmaineslugrin.com
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas  77056-6125
(713) 871-9000  Telephone
(713) 871-8962  Facsimile

**OF COUNSEL:**

Loretta G. Mince
lmince@fishmanhaygood.com
Jeanette A. Donnelly
jdonnelly@fishmanhaygood.com
**FISHMAN HAYGOOD PHELPS WALMSLEY WILLIS & SWANSON, L.L.P.**
201 St. Charles Avenue, 46th Fl.
New Orleans, Louisiana  70170
Telephone:  (504) 586-5252
Facsimile:  (504) 310-0261

**ATTORNEYS FOR DEFENDANT SWIRE OILFIELD SERVICES, LLC**

By:  /s/ William P. Maines
William P. Maines
Texas Bar No.  12849700
wmaines@hallmaineslugrin.com
Williams Tower, 64th Floor
2800 Post Oak Blvd.
Houston, Texas  77056-6125
(713) 871-9000  Telephone
(713) 871-8962  Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT SWIRE OILFIELD SERVICES, LLC**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 23, 2014 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule Civil Procedure 5(b)(2):

| | |
|---|---|
| Koy Killen | Email:  kkillen@lovelacekillen.com |
| Clinton W. Dennis | Email:  cdennis@lovelacekillen.com |
| **LOVELACE KILLEN, P.C.** | Telephone:  817-447-0053 |
| 104 South Main Street | Facsimile:  817-447-0052 |
| Burleson, Texas  76028 | |

               */s/ William P. Maines*
               William P. Maines