UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| SHANNON SMITHERS, KEITH DAIGLE, JONATHAN FARIS, JONATHAN WATSON, CHRIS WELLS, BRAD WILLARD, MIGUEL HERNANDEZ, JOHN FRANKLIN and CARL BLYSTONE | § § § § § | C.A. NO. 7:14-cv-00059-RAJ<br>JUDGE ROBERT A. JUNELL |
| V. | § § § | |
| SWIRE OILFIELD SERVICES L.L.C. | § | **JURY TRIAL REQUESTED** |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Shannon Smithers, Keith Daigle, Jonathan Faris, Jonathan Watson, Chris Wells, Brad Willard, Miguel Hernandez, John Franklin and Carl Blystone (collectively "Plaintiffs") for their First Amended Complaint against Swire Oilfield Services, LLC state and allege as follows:

**SUMMARY**

1. Swire Oilfield Services, LLC ("Defendant") required and/or permitted Plaintiffs to work in excess of forty hours per week but failed and refused to compensate them properly for such hours worked.

2. Defendant's conduct is in violation of the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

3. Plaintiffs are FLSA non-exempt workers who have been denied overtime pay required by law for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendant engages in business here.

## THE PARTIES

6. Plaintiff, Shannon Smithers is a resident of Texas and worked out of Defendant's office located in Midland County, Texas. Smithers was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

7. Plaintiff, Keith Daigle is a resident of Louisiana and worked out of Defendant's office located in Midland County, Texas. Daigle was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

8. Plaintiff, Jonathan Faris is a resident of Louisiana and worked out of Defendant's office located in Midland County, Texas. Faris was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

9. Plaintiff, Jonathan Watson is a resident of Texas and worked out of Defendant's office located in Midland County, Texas. Watson was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

10. Plaintiff, Chris Wells is a resident of Louisiana and worked out of Defendant's office located in Midland County, Texas. Wells was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

11. Plaintiff, Brad Willard is a resident of Texas and worked out of Defendant's office located in Midland County, Texas. Willard was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

12. Plaintiff, Miguel Hernandez is a resident of Texas and worked out of Defendant's office located in Midland County, Texas. Hernandez was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

13. Plaintiff, John Franklin is a resident of Texas and worked out of Defendant's office located in Midland County, Texas. Franklin was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

14. Plaintiff, Carl Blystone is a resident of Texas and worked out of Defendant's office located in Midland County, Texas. Blystone was an employee who was "engaged in commerce" as required by the FLSA, 29 U.S.C. § 207 and defined by the FLSA, 29 U.S.C. § 203(s)(1).

15. Plaintiffs are "employees" as defined by 29 U.S.C. § 203(e)(1). Plaintiffs are or were salaried employees of Defendant who were not paid overtime wages for any work that they did in excess of forty hours per week, despite not properly qualifying for exempt status.

16. Defendant Swire Oilfield Services, LLC is a foreign limited liability company with its principle place of business in the state of Louisiana. Defendant maintains an office in Spring, Texas. Defendant has previously appeared in this cause through counsel. Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" as defined by §203(r), and "engaged in commerce" within the meaning of §203(s)(1).

## FACTS

17. Defendant provides water transfer service to oil and gas producers in Texas.

18. Plaintiffs were employed by Defendant as Water Transfer Technicians ("WTTs").

19. Until September 1, 2013, WTTs were paid a base salary plus a daily non-discretionary bonus.

20. WTTs did not receive overtime compensation for hours exceeding forty in a workweek on either their salaries or non-discretionary bonuses.

21. Effective September 1, 2013, Defendant instituted a new compensation structure for WTTs, now called Service Operators, under which they are paid on an hourly basis and receive time-and-one-half of their hourly rate of pay for hours exceeding forty in a workweek.

## ALLEGATIONS

22. Defendant has actual knowledge that it denied Plaintiffs overtime pay for hours worked over forty in a workweek.

23. Although Defendant has suffered, permitted, and/or required Plaintiffs to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

24. Plaintiffs perform or performed the same or similar work.

25. All Plaintiffs, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

## CAUSES OF ACTION

26. Plaintiffs incorporate all allegations contained in the preceding paragraphs as if fully set forth herein.

27. At all relevant times, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

28. Defendant's failure to properly calculate and/or pay overtime compensation to Plaintiffs violates the FLSA.

29. Accordingly, Plaintiffs are entitled to compensation for overtime hours worked at the correct overtime rates of pay.

30. Additionally, Plaintiffs are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

31. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

32. Alternatively, should the Court find that Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the highest legal rate.

33. Plaintiffs are entitled to have the limitations period extended to three years because Defendant's actions were willful.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor awarding them:

a. Overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates, including all non-discretionary bonuses;

b. An amount equal to the actual damages awarded as liquidated damages as provided by the FLSA;

c. Damages accrued for a three-year period;

d. Reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA;

e. Pre-judgment and post-judgment interest at the highest rates allowable by law; and,

f. Any and all such further relief, whether in law or equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

**LOVELACE KILLEN, P.L.L.C.**
104 South Main Street
Burleson, Texas 76028
Phone: (817) 447-0053
Fax: (817) 447-0052

By: */s/ Koy R. Killen*
Koy R. Killen

**ATTORNEY FOR PLAINTIFFS**